IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MONDER KHOURY,

        Plaintiff,                 No. 2:12-cv-2088 CKD P

    vs.

ROBERT BLAISER, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a federal prisoner seeking relief pursuant to 42 U.S.C. § 1985 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to this court's jurisdiction. (Dkt. No. 4.)

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be

1

forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief.  28

U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a

cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must

contain something more...than...a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure

1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129

S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  Id.

\\\\\

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff is in federal custody and seeks to hold purported federal actors liable for alleged civil rights violations.  Plaintiff alleges that his trial attorneys (defendants Blasier and Kmeto) the prosecutor (defendant Hanly), and his appellate counsel (defendant McCalister) conspired to unlawfully deprive him of a plea deal that would have resulted in an 87-month term of imprisonment.  Instead, following a jury trial on charges of manufacture and possession with intent to distribute methamphetamine, plaintiff was sentenced to a 292-month prison term.  Plaintiff seeks damages and unspecified injunctive relief.  (Dkt. No. 1 ("Cmplt.").)

Liberally construed, plaintiff's allegations arguably assert a claim for relief under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 392–97 (1971), which provides for a private cause of action under the Constitution for allegations of constitutional violations made against federal employees, and/or under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) (FTCA), which provides district courts with exclusive jurisdiction over civil actions for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment.  28 U.S.C. § 1346(b).

Bivens established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]."  Butz v. Economou, 438 U.S. 478, 486 (1978).  "Actions under § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens."  Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). Bivens does not provide a remedy for alleged wrongs committed by a private entity alleged to

1   have denied plaintiff's constitutional rights under color of federal law.  Correctional Services

2   Corp. v. Malesko, 534 U.S. 61, 66 n. 2 (2001) (holding that FDIC v. Meyer, 510 U.S. 471 (1994)

3   "forecloses the extension of Bivens to private entities.").

4          Here, plaintiff's allegations fail to state a cognizable claim for relief under Bivens

5   or the FTCA because the relief he seeks is barred by the holding of Heck v. Humphrey, 512 U.S.

6   477 (1994).  In Heck, the Supreme Court, addressing a claim for damages brought under 42

7   U.S.C. § 1983, held that "in order to recover damages for allegedly unconstitutional conviction

8   or imprisonment, or for other harm caused by actions whose unlawfulness would render a

9   conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence has

10  been invalidated previously.  Id. at 486–87.  The Ninth Circuit has extended the rationale of Heck

11  to cases brought under Bivens and the FTCA.  See  Martin v. Sias, 88 F.3d 774, 775 (9th Cir.

12  1996) (Bivens); Erlin v. United States, 364 F.3d 1127, 1133 (9th Cir. 2004) (FTCA).

13         Plaintiff here seeks damages for actions taken by defendants that allegedly

14  resulted in plaintiff's unlawful imprisonment for an additional 205-month term.  Were plaintiff to

15  succeed in his claims, an award of damages would "necessarily imply the invalidity" of his

16  sentence.  Heck, 512 U.S. at 487.  Thus any such claims are barred by Heck until plaintiff's

17  conviction and/or sentence has been invalidated.  As Heck applies to plaintiff's claims whether

18  they arise under Bivens or the FTCA, the undersigned will dismiss the instant action pursuant to

19  28 U.S.C. § 1915A because it fails to state a claim upon which relief may be granted. The

20  dismissal is without prejudice to plaintiff reasserting his claim for damages in a new action once

21  a cause of action has accrued.  See Edwards v. Balisok, 520 U.S. 641, 649 (1997).

22         In accordance with the above, IT IS HEREBY ORDERED that:

23         1.  Plaintiff's request for leave to proceed in forma pauperis is granted;

24         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

25  All fees shall be collected and paid in accordance with this court's order to the Warden of

26  Lompoc Federal Correctional Institution, filed concurrently herewith;

3. The complaint is dismissed under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.  The dismissal is without prejudice to plaintiff reasserting his claim for damages in a new action once a cause of action has accrued; and

4.  Defendant Blaiser's motion to dismiss the complaint pursuant to Rule 12(b)(6) (Dkt. No. 6) is denied as moot.

Dated: September 20, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
khou2088.B